ROBERT S. BREWER, JR.
United States Attorney
NICHOLAS J. HERNANDEZ
Assistant United States Attorney
New York Bar No.: 5185277
880 Front Street, Room 6293
San Diego, CA 92101
Telephone: (619) 546-6029
nicholas.hernandez@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | Case No.: 20-cr-1586-GPC |
|---|---|
| Plaintiff, | **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION AT ECF NO. 58** |
| v. | |
| ASHLEY SUSAN MAHER, | |
| Defendant. | |

The order of detention made by the Magistrate Judge should remain. Defendant previously appealed the bond conditions in this case and even with this Court's modification, failed to maintain contact with Pre-Trial Services as directed. In September 2020, Pretrial Services submitted a Petition for a Warrant and this Court subsequently issued a warrant for Defendant's arrest. ECF No. 31. Defendant's non-compliance while on bond itself is sufficient grounds to maintain the current order of detention. Even more, Defendant's proposed surety has concerning criminal history and the United States will not approve the proposed surety.

//
//
//
//
//
//
//

# I
# BACKGROUND

On May 12, 2020, Ashley Susan Maher ("Defendant") entered the United States from Mexico at the San Ysidro, California Port of Entry in the vehicle lanes. Defendant was the driver and sole occupant of black 2017 Honda CRV with California license plates. At pre-primary inspection, Defendant provided two negative customs declarations to Customs and Border Protection Officers ("CBPO") but was referred to secondary because of a computer-generated alert on the vehicle. In secondary inspection, a narcotic dog alerted to the floor of the vehicle and upon further inspection, an aftermarket compartment built into the vehicle floor was discovered. Upon removing the bolts holding down the front seats, CBPOs discovered multiple plastic wrapped packages. In total, 105 plastic wrapped packages were recovered from the aftermarket compartment and tested positive for characteristics of methamphetamine. The total net weight of the methamphetamine was 43.72 kilograms (96.38 pounds). Defendant was subsequently given a Notice to Appear on August 4, 2020.

On August 4, 2020, Defendant made her initial appearance. The United States requested a personal appearance bond in the amount of $20,000 in light of Defendant's criminal history. This Court set bond in the amount of $20,000 secured by the signature of one financially responsible adult and a cash deposit of $1,000. ECF No. 12.

On August 20, 2020, Defendant filed a motion to modify the conditions of release and requested a $10,000 unsecured, personal appearance bond and the requirement that Defendant participate in a San Diego residential drug treatment program. The United States filed its response at ECF No. 19 and Magistrate Judge Daniel E. Butcher denied Defendant's motion, agreeing with the United States that a $10,000 unsecured personal appearance bond was insufficient. ECF No. 21 at 1. The Defendant appealed that finding and this Court subsequently set conditions of release in according with Defendant's request. ECF No. 27. Thereafter, this Court issued a pretrial warrant on September 23, 2020 when Defendant failed to make contact with pretrial services as direct. ECF No. 31.

At the subsequent November 18 hearing, the warrant was recalled and Defendant was ordered to self-surrender by November 30. That self-surrender date was extended to January 4, 2021 and when Defendant did not surrender by that date, a second arrest warrant was issued by this Court. ECF No. 46. Defendant eventually self-surrendered on January 14, 2021 and at the Bond Revocation hearing held on January 28, 2021, Defendant was ordered detained. ECF No. 56. Defendant appealed that order and this response follows.

## II
## APPLICABLE LAW

A district judge reviews *de novo* a magistrate judge's decision to detain the defendant. *United States v. Koenig*, 912 F.2d 1190 (9th Cir. 1990). Under *Koenig*, a district judge is to make his or her own *de novo* determination of facts without deference to the magistrate judge's ultimate conclusion. However, "the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." *Id*. at 1193..

"[I]n assessing a motion to detain a defendant pending trial, a district court must conduct an individualized evaluation that is guided by the factors articulated" in 18 U.S.C. § 3142(g). *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). That statute lists the "the nature and circumstances of the offense," "the weight of the evidence," "the history and characteristics" of the defendant, and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

## III
## ARGUMENT

The Magistrate Judge was right to order Defendant detained. Because the factors identified in § 3142(g) supports detention, this Court should deny Defendant's motion.

### A. Nature and Circumstances of Offense

The first factor supports detention in this case. Defendant is charged with importing methamphetamine into the United States in violation of 21 U.S.C. §§ 952 and 960. ECF

No. 1. Because of the quantity of methamphetamine involved in the offense, Defendant currently faces a statutory maximum of life in prison. *See* 21 U.S.C. § 952(b)(1).

The charged offense and the severity of its potential punishment establishes two points. First, it creates a presumption that "***no condition*** or combination of conditions will reasonably assure" Defendant's presence as required. 18 U.S.C. § 3142(e)(3) (emphasis added). Second, the severity of the potential punishment supports detention in this case. *See United States v. Santos-Flores*, 794 F.3d 1088, 1092 (9th Cir. 2015) (affirming detention order in part because of "the severity of the potential punishment"). The first factor supports detention in this case.

### B.   Weight of the Evidence

The weight of the evidence in this case is strong: Defendant was the driver and sole occupant of a vehicle containing more than 96 pounds of methamphetamine secreted within an aftermarket compartment. This second factor supports detention.

### C.   History and Characteristics of Defendant

The third § 3142(g) factor also supports the order of detention. In analyzing "the history and characteristics" of a defendant under § 3142(g)(3), courts are to consider, among other things, "past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." Defendant has a conviction for unlawful use of a controlled substance. The sentence—30 days' custody and 24 months' probation—makes it a three-point offense and puts Defendant, at minimum, in Criminal History Category II under the Sentencing Guidelines. Even more, since the initial bond conditions set in September of 2020, Defendant was non-compliant with the order of conditions premised on her release—those being to maintain contact with pretrial services. Bench warrants were ordered, and while recalled, Defendant's record of non-compliance with court orders while on pretrial release favors detention.

### D.   Proposed Surety

Defendant's proposed surety has concerning criminal history which was discovered after running that individual's criminal history and the United States will not approve the

4

surety indicated in the proposed bond. *See* Exhibit 1 (filed under seal).  Therefore, even if this Court orders bond set for Defendant, Defendant's proposed bond will not be approved by the United States Attorney's Office.

## IV

## CONCLUSION

The Magistrate Judge properly ordered Defendant to remain in custody during the pendency of this case after considering Defendant's history of compliance during her pretrial release. Therefore, because the § 3142(g) factors support detention, and because the proposed surety has criminal history preventing the bond from being approved by the United States Attorney's Office, the United States respectfully requests that this Court deny Defendant's motion.

DATED: February 12, 2021	Respectfully submitted,

ROBERT S. BREWER, JR.
United States Attorney

/s/ *Nicholas J. Hernandez*
NICHOLAS J. HERNANDEZ
Assistant U.S. Attorney