RANDY S. GROSSMAN
Acting United States Attorney
PATRICK C. SWAN
Assistant United States Attorney
California Bar No. 306526
Office of the United States Attorney
880 Front St., Room 6293
San Diego, CA 92101
Telephone: (619) 546-8450
Email: Patrick.Swan@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY SUSAN MAHER,<br><br>Defendant. | Case No.: 20-CR-1586-GPC<br><br>**UNITED STATES' SENTENCING SUMMARY CHART AND MOTION FOR ACCEPTANCE OF RESPONSIBILITY UNDER USSG § 3E1.1(b)**<br><br>Date: August 18, 2021<br>Time: 8:30 am |

The United States submits its sentencing summary chart, which is based upon the files and records of this case.

DATED: August 7, 2021

Respectfully submitted,

RANDY S. GROSSMAN
Acting United States Attorney

/s/ *Patrick C. Swan*
PATRICK C. SWAN
Assistant United States Attorney

# SENTENCING SUMMARY CHART
[☒] AND UNITED STATES' MOTION UNDER USSG § 3E1.1(b)
**Sentencing Date:** August 18, 2021

USPO [☐]
AUSA [☒]
DEF [☐]

Defendant's Name: <u>Ashley Susan Maher</u>  Docket No.: <u>20-CR-1586-GPC</u>
Guideline Manual Used: <u>November 1, 2018</u>  Agree with USPO Calc.: Yes ☐  No ☒

| | |
|---|---:|
| Base Offense Level(s): 35.30 kilograms of Methamphetamine (actual) per lab report, USSG § 2D1.1(c)(1) | 38 |
| Operation of USSG § 2D1.1(a)(5)(B)(iii) (due to Mitigating Role Adjustment) | -4 |
| Reduced Base Offense Level for Mitigating Role Adjustment, USSG § 2D1.1(a)(5)(B)(iii) | 34 |
| Specific Offense Characteristics: | |
| Importation of Methamphetamine without Mitigating Role, USSG § 2D1.1(b)(5) | 0 |
| Meeting the Criteria of Safety Valve, USSG § 2D1.1(b)(18)* | 0 |
| Victim Related Adjustment: | |
| Adjustment for Role in the Offense: | -2 |
| Adjustment for Obstruction of Justice: | |
| Adjustment for Reckless Endangerment During Flight: | |
| Adjusted Offense Level: | 32 |

☐ Combined (Mult. Counts)   ☐ Career Off.   ☐ Armed Career Crim.

| | |
|---|---:|
| Adjustment for Acceptance of Responsibility [☒ <u>United States' Motion – USSG § 3E1.1(b)</u>] | -3 |
| Total Offense Level: | 29 |
| Criminal History Score: | 5 |
| Criminal History Category: | III |

____ Career Offender   ____ Armed Career Criminal

Guideline Range:                                                              from  <u>108</u> mths
(Range limited by: ____ minimum mand.  ____ statutory maximum)    to   <u>135</u> mths

| | |
|---|---:|
| Departures: | |
| Fast Track, USSG § 5K3.1 | -4 |
| Adjusted Offense Level: | 25 |

Resulting Guideline Range:                                        from   <u>70</u> mths
                                                                                      to    <u>87</u> mths

UNITED STATES' RECOMMENDATION: **<u>Imprisonment for 46 months\*\*; No Fine; $100 Special Assessment; and Three Years' Supervised Release.</u>** Defendant is safety valve eligible under the First Step Act and meets the requirements under 18 U.S.C. § 3553(f).

**\* Safety Valve under USSG § 5C1.2:** Defendant is not eligible for this specific offense characteristic as she has more than one criminal history point under the Sentencing Guidelines. *See* USSG § 5C1.2(a)(1).

**\*\* Minor Role:** Defendant agreed to drive a car from Mexico into the United States in exchange for monetary gain. She expected to be paid between $5,000 and $8,000. Despite the substantial quantity of drugs and degree to which Defendant stood to benefit from the criminal activity, it does not appear that she understood the scope or structure of the criminal activity, took efforts to plan, exercised decision-making authority, or had a proprietary interest.

**\*\*\* Variance:** Under the plea agreement, the United States recommends a downward variance under 18 U.S.C. § 3553 that is the equivalent of two levels under the Sentencing Guidelines due to the nature of this case and the Temporary Plea Offer Program that was in effect until June 15, 2021. The United States also recommends a downward variance under 18 U.S.C. § 3553 that is the equivalent of two levels under the Sentencing Guidelines as Defendant qualifies for safety valve relief under 18 U.S.C. § 3553(f) as amended by the First Step Act. The USSG Manual has not yet adopted the First Step Act; accordingly, the United States recommends safety valve relief as a variance rather than a specific offense characteristic under the Sentencing Guidelines.   [Approved/BCP]